**IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PANDORA G. DANGERFIELD** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 04-CV-5271** |
| | : | |
| **JO ANNE B. BARNHART,** *Commissioner of the* | : | |
| *Social Security Administration* | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Kauffman, J.**                                                    **October    11, 2006**

Plaintiff Pandora G. Dangerfield ("Plaintiff") seeks judicial review of the final decision of

the Commissioner of the Social Security Administration, Jo Anne B. Barnhart

("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI

of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383h.  Plaintiff and the

Commissioner have filed cross motions for summary judgment.  United States Magistrate Judge

Timothy R. Rice has submitted a Report and Recommendation, <u>see</u> 28 U.S.C. § 636(b)(1)(B);

Local R. Civ. P. 72.1(d)(1)(C), recommending that the Court grant the Commissioner's Motion

and deny benefits.

Because Plaintiff has objected to the Magistrate Judge's Report and Recommendation,

this Court must "make a <u>de</u> <u>novo</u> determination of those portions of the record or specified

proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

Having reviewed the Report and Recommendation and the objections thereto, the Court will

approve and adopt the Report and Recommendation.

**I.  Procedural History**

Plaintiff first applied for SSI in July 1995 and took no appeal when her application was

denied.  R. at 14.  She again applied for disability benefits on January 4, 1999, alleging a

disability due to double vision, depression, and headaches.  R. at 153-55, 160.  Her application

was denied initially and again on reconsideration.   R. at 134-37, 140-43.  Plaintiff then requested

a hearing before an Administrative Law Judge ("ALJ"), which was held on September 12, 2000.

R. at 52-70.  On April 26, 2001, the ALJ denied Plaintiff's claim for benefits.  R. at 41-50.  The

Appeals Council granted Plaintiff's request for review and remanded for further consideration of

Plaintiff's mental impairment.  R. at 36-38.

On remand, a different ALJ conducted a hearing on February 18, 2004, during which a

medical expert, a vocational expert, Plaintiff's social worker, and Plaintiff testified.  R. at 79-

130.  On March 25, 2004, the ALJ denied Plaintiff's claim for benefits.  R. at 11-29.  The

Appeals Council denied Plaintiff's request for review on September 8, 2004.  R. at 4-6.  Having

thus exhausted her administrative remedies, Plaintiff commenced this action.

## II.  Standard of Review

### A.  The Commissioner's Decision

Judicial review of a Social Security case is based upon the pleadings and the transcript of

the record.  42 U.S.C. § 405(g).  The scope of the Court's review of the Commissioner's decision

is limited to determining whether the Commissioner applied the correct legal standards and

whether the record, as a whole, contains substantial evidence to support the Commissioner's

findings of fact.  See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Knepp v. Apfel, 204

F.3d 78, 83 (3d Cir. 2000).

"The Court is bound by the ALJ's findings of fact if they are supported by substantial

evidence in the record."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  "Substantial

evidence 'does not mean a large or considerable amount of evidence, but rather such relevant

-2-

evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); see also Plummer, 186 F.3d at 427 (noting that "substantial evidence" has been defined as "more than a mere scintilla").  The standard is "deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).  In sum, "[t]he court cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record."  Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998).

**B.  The Magistrate Judge's Report and Recommendation**

The Court, however, must engage in a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected.  See 28 U.S.C. § 636(b)(1)(C).  The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate."  Id.  In considering Plaintiff's objections to the Report and Recommendation, the Court has independently reviewed the entire record, including the Report and Recommendation, the ALJ's decision, the transcript of the hearing, the hearing exhibits, and the summary judgment briefs.

**III.  Social Security Law**

Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income program.  See 42 U.S.C. § 1382(a).  "Disability" is defined as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42

U.S.C. § 1382c(a)(3)(A).  The Act further provides:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.  For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 1382c(a)(3)(B).  The claimant carries the initial burden of proving disability.  See Plummer, 186 F.3d at 428.  Once the claimant establishes an inability to perform her prior work, the burden then shifts to the Commissioner to show that the claimant can perform other substantial gainful work that exists in the national economy.  Id.

Under the Social Security regulations, an application for disability benefits is evaluated according to a five-step sequential process.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920.  This process requires the presiding ALJ to review: (1) claimant's current work activity; (2) the severity of the impairments; (3) whether the impairments, considered alone or in combination, meet or equal any listing set forth in 20 C.F.R. 404, Subpart P, Appendix 1, which would result in a conclusive presumption of disability; (4) whether claimant's residual functional capacity ("RFC") allows her to perform her past relevant work; and, if not, (5) whether claimant's specific RFC, in conjunction with a consideration of her age, education, and work experience, prevents her from performing other work that exists in the national economy. The claimant is entitled to disability benefits only if she is not able to perform such other work.

**IV.  The ALJ's Decision**

Using this sequential evaluation process, the ALJ determined that Plaintiff had satisfied the requirements of the first step because she had not engaged in any substantial gainful activity since the alleged onset of her disability.  See R. at 28, Finding No. 1.  The ALJ then found that, while Plaintiff suffers from depression, anxiety, borderline personality traits, borderline intellectual functioning, substance abuse and dependence, back and neck pain (arthritis), headaches, and diplopia (double vision), these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  See id. at Finding Nos. 2 and 3.  In addition, the ALJ found that claimant's allegations regarding her limitations are not totally credible.  See id. at Finding No. 4.  Finally, the ALJ found that although the Plaintiff had no past relevant work experience, she had certain RFC that would allow her to perform a significant range of light work.  See id. at Finding Nos. 5 - 10.  Thus, because Plaintiff's impairments did not meet the requirements of the five step analysis, the ALJ found that she was not disabled and consequently not entitled to benefits.  Id.

**V.  The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, based on Plaintiff's medical records, results of psychological testing, vocational assessments, expert testimony, and Plaintiff's own statements, Magistrate Judge Rice found that the ALJ's conclusions were supported by substantial evidence.

**VI.  Analysis**

Plaintiff has raised two objections to Magistrate Judge Rice's Report and Recommendation.  First, Plaintiff objects to the Magistrate Judge's rejection of her claim that she meets the requirements for an Affective Disorder in 20 C.F.R. 404, Subpart P, Appendix 1, §

12.04.  Second, Plaintiff objects to the Magistrate Judge's rejection of her claim that the ALJ

improperly denied her application on the basis of her lack of compliance with treatment.

Following a de novo review, this Court concurs with Magistrate Judge Rice's conclusion that the

ALJ's decision was supported by substantial evidence.

> A.    **Plaintiff's Objection to the Magistrate Judge's Determination that She Does Not Meet the Requirements for an Affective Disorder in 20 C.F.R. 404, Subpart P, Appendix 1, § 12.04**

Plaintiff argues that both the ALJ and the Magistrate Judge applied an overly restrictive

legal standard in assessing her restrictions in activities of daily life, and therefore erred in

concluding that she does not meet or equal the requirements for an Affective Disorder as

prescribed by Section 12.04.  See Objections at p. 4.  For a claimant to successfully demonstrate

that she is suffering from an Affective Disorder, she must meet the requirements of Paragraphs A

of Section 12.04 and then satisfy the requirements of either Paragraph B or Paragraph C.  See 20

C.F.R. 404, Subpart P, Appendix 1.

The ALJ implicitly found that Plaintiff satisfied Paragraph A of Section 12.04 by finding

that she suffers from depression and anxiety.  See R. at 28.  However, the ALJ found that

Plaintiff did not satisfy either Paragraph B or C in that the evidence demonstrated only mild

limitations in her activities of daily living; moderate limitations in social functioning; moderate

limitations in concentration, persistence, or pace; and one or two episodes of decompensation.[1]

R. at 23.  Plaintiff objects only to the Magistrate Judge's conclusion that the ALJ's findings

---

[1]    Paragraph B of Section 12.04 requires a showing of at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.  See 20 C.F.R. 404, Subpart P, Appendix 1, § 12.04(B).

regarding Plaintiff's limitations in activities of daily living were supported by substantial

evidence.  See Objections at p. 4-8.  Even if the ALJ and Magistrate Judge erred with respect to

the standard they used when evaluating Plaintiff's activities of daily living, the outcome would

be the same because Plaintiff did not show that she met any of the other three characteristics

described in Paragraph B.  In any event, after conducting the required de novo review, the Court

finds that the ALJ's decision with respect to Plaintiff's activities of daily living was supported by

substantial evidence.

     Under 20 C.F.R. 404, Subpart B, Appendix 1, a claimant does not demonstrate a

"marked" limitation in her activities of daily living simply by providing evidence of "a specific

number of different activities of daily living in which functioning is impaired."  20 C.F.R. 404,

Subpart B, Appendix 1, §12.00(C)(1).  Rather, the ALJ must take into consideration "the nature

and overall degree of interference with function."  Id.  "If [a claimant does] a wide range of

activities of daily living, [the ALJ] may still find that [the claimant has] a marked limitation in

[her] daily activities if [she has] significant difficulty performing them without direct

supervision, or in a suitable manner, or on a consistent, useful, routine basis, or without undue

interruptions or distractions."  Id.

     Plaintiff argues that the ALJ and the Magistrate Judge should not have relied on the

testimony of Dr. Bell, a psychiatrist appointed by the ALJ to testify at the hearing, because he

failed to recognize the importance of Plaintiff's inability to perform certain daily activities

without assistance.  See Objections at 6.  The Court disagrees.  Dr. Bell noted that Plaintiff "can

clean, shop and cook in moderation with some help."  R. at 97.  Dr. Bell did not, however,

conclude that Plaintiff has "significant difficulty" performing these functions or any other daily

activities.  Accordingly, the Court does not find that the ALJ erred by relying on his testimony that Plaintiff suffers only from mild limitations in her daily activities.

Plaintiff also argues that the ALJ and Magistrate Judge did not consider properly the testimony of Plaintiff's social worker, Kate Johnson.  See Objections at 7-8.  However, the ALJ specifically addressed the testimony of Ms. Johnson in her opinion and concluded that it was consistent with the testimony of Dr. Bell.  See R. at 24-25.  Moreover, with respect to any inconsistencies between Ms. Johnson's testimony and Dr. Bell's testimony, the ALJ noted that the Ms. Johnson had not been aware that Plaintiff had stopped taking her medication for a period of time which explained some of the behavior witnessed by Ms. Johnson.  See id. at 25. Therefore, the Court agrees with the Magistrate Judge's conclusion that there is substantial evidence in support of the ALJ's finding that Plaintiff suffers only mild limitation in her daily activities.  Accordingly, even though Plaintiff suffers from depression and anxiety, the ALJ's finding that she does not satisfy the requirements of Section 12.04 is supported by substantial evidence.

> **B.**     **Plaintiff's Objection to the Magistrate Judge's Determination that the ALJ Did Not Improperly Base Her Decision on Plaintiff's Noncompliance with Treatment**

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ did not base her denial of disability on Plaintiff's noncompliance with treatment.  See Objections at p. 8.  In particular, Plaintiff contends that the ALJ improperly relied on her noncompliance in assessing her mental limitations at step three and her RFC at steps four and five of the sequential evaluation process, and failed to determine the reasons for Plaintiff's noncompliance pursuant to Social Security Ruling ("SSR") 82-59.  See id. at 9.   The Court rejects these arguments.

SSR 82-59 provides that an ALJ may find that an individual has failed to follow prescribed treatment only when:

1.      The evidence establishes the individual's impairment precludes engaging in any substantial gainful activity, or in the case of a disabled widow that the impairment meets or equals the Listing of Impairments; and

2.      The impairment has lasted or is expected to last for 12 continuous months from onset of disability or is expected to result in death; and

3.      Treatment which is clearly expected to restore capacity to engage in any substantial gainful activity has been prescribed by a treating source; and

4.      The evidence of record discloses there has been refusal to follow prescribed treatment.

SSR 82-59.  As the Report and Recommendation noted, SSR 82-59 applies only if the ALJ determines that an individual's impairments preclude her from engaging in substantial gainful activity, i.e., it applies only if the ALJ finds that the individual would otherwise be found to be disabled under the Act.

In the instant case, the ALJ determined that Plaintiff retains the RFC to engage in a significant number of jobs in the community.  Contrary to Plaintiff's contention that the ALJ improperly reached this conclusion based on Plaintiff's noncompliance with treatment, there is ample evidence in the record that the ALJ came to this conclusion based upon a review of the available medical evidence and on her assessment of the credibility of Plaintiff's testimony.  See R. at 25.  Specifically, the ALJ determined that Plaintiff's medical records do not support her contentions that she does not go out by herself or is extremely limited due to her double vision. See id.  The ALJ also noted that many of Plaintiff's statements regarding her medical history were not credible due to evidence of contradictory statements she provided to medical providers. See id.  Despite questions about Plaintiff's credibility, the ALJ gave her the benefit of the doubt

with respect to her claims of neck and back pain by limiting her to light exertion.  <u>See</u> <u>id.</u> at 26.

Although the ALJ did reference Plaintiff's noncompliance in her decision, there is no indication

that she relied on this noncompliance in deciding that Plaintiff is not disabled.  Accordingly, an

analysis under SSR 82-59 was not necessary.

## VII.  Conclusion

The ALJ's decision to deny Plaintiff benefits was supported by substantial evidence in the

record, as affirmed by the Magistrate Judge's Report and Recommendation.  Accordingly,

Plaintiff's Objections are overruled and the Commissioner's Motion for Summary Judgment will

be granted.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PANDORA G. DANGERFIELD | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-CV-5271 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security | : | |

## <u>ORDER</u>

**AND NOW**, this      11th         day of October, 2006, the Court having considered the parties' Motions for Summary Judgment and reviewed the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, Plaintiff's Objections thereto, and the entire record, including the ALJ's decision, transcript of the hearing, and hearing exhibits, it is **ORDERED** that:

1.      The Report and Recommendation (docket no. 17) is **APPROVED** and

   **ADOPTED**;

2.      Plaintiff's Motion for Summary Judgment (docket nos. 12 and 13) is **DENIED**;

3.      Defendant's Motion for Summary Judgment (docket no. 15) is **GRANTED**; and

4.      The Clerk of Court shall mark this case **CLOSED**.


                                                      **BY THE COURT:**


                                                       **/s/ Bruce W. Kauffman**

**BRUCE W. KAUFFMAN, J.**